UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JEREMY DWAYNE PARKER, #649439,** | § § § | |
| **Plaintiff,** | § § | SA-24-CV-01218-XR |
| v. | § § § | |
| **WILLIAMSON COUNTY DISTRICT COURT,** | § § § § | |
| **Defendant.** | § § | |

## ORDER OF DISMISSAL

Before the Court is *pro se* Plaintiff Jeremy Dwayne Parker's 42 U.S.C. § 1983 Civil Rights Complaint. (ECF No. 1). Parker is proceeding *in forma pauperis* ("IFP"). (ECF Nos. 4, 5). Upon review, the Court orders Parker's Complaint **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION** based on sovereign immunity. (ECF No. 1); *see* U.S. CONST. amend. XI. The Court further orders Parker's Complaint **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. (ECF No. 1); *see* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Heck v. Humphrey*, 512 U.S. 477 (1994).

### BACKGROUND

Parker is currently confined in the Comal County Jail. (ECF No. 1); *see* public.co.comal.tx.us/JailingDetail.aspx?JailingID=299290 (last visited Nov. 8, 2024). However, this § 1983 civil rights suit, which was filed while Parker was confined in the Comal County Jail, is based solely upon a prior conviction from Williamson County, Texas. (ECF No. 1).

In January 2002, Parker was indicted for engaging in organized criminal activity. *See* judicialrecords.wilco.org/PublicAccess/CaseDetail.aspx?CaseID=527899 (last visited Nov. 8, 2024). He pled guilty and was given probation. *Id.* In 2005, the State filed a motion to revoke

Parker's probation. *See* judicialrecords.wilco.org/PublicAccess/CaseDetail.aspx?CaseID=567836 (last visited Nov. 8, 2024). The trial court did not revoke Parker's probation; rather, the court merely amended the conditions of his probation. *Id.* Then, in 2006, the State filed a second motion to revoke. *See* judicialrecords.wilco.org/PublicAccess/CaseDetail.aspx?CaseID=582282 (last visited Nov. 8, 2024). Parker pled true to at least one of the grounds for revocation, and the trial court revoked his probation and sentenced him to six (6) years' confinement. *Id.*

In the matter before the Court, and based on the conviction described above, Parker seems to allege the only named Defendant, the Williamson County District Court, violated his civil rights by wrongfully convicting and imprisoning him. (ECF No. 1). Parker claims this "wrongful conviction" and "wrongful imprisonment" affected employment opportunities, subjected him to police harassment, enhanced subsequent criminal charges, denied him his ability to reach his full potential, and resulted in his having to miss important family events during his incarceration. (*Id.*). As relief, he seeks monetary damages. (*Id.*).

## APPLICABLE LAW

When an inmate seeks redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam). If a plaintiff is proceeding IFP, his complaint is also subject to screening under § 1915(e)(2). Both statutes provide for *sua sponte* dismissal of a complaint—or any portion thereof—if the Court finds it frivolous or malicious, if it fails to state a claim upon which relief can be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it lacks an arguable basis in law or fact, i.e., when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)). A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Although a court must construe a *pro se*'s allegations liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a plaintiff's *pro se* status does not offer him "an impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

## ANALYSIS

### A. Eleventh Amendment Immunity

Under the Eleventh Amendment, "[a]bsent waiver, neither a State nor agencies acting under its control may 'be subject to suit in federal court.'" *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 144 (1993) (quoting *Welch v. Tex. Dep't of Highways & Pub. Transp.,* 483 U.S. 468, 480 (1987)); *see* U.S. CONST. amend. XI. Section 1983 does not waive a State's sovereign immunity, and Texas has not consented to suit. *See Aguilar v. Tex. Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir.1998).

A state court, as an agency of the State of Texas, is immune from suit under the Eleventh Amendment. *Vickrey v. Ellis Cnty. Dist. Ct.*, No. 3:22-CV-02699-E-BT, 2023 WL 6380846, at *1–2 (N.D. Tex. Sept. 12, 2023), *report & recommendation adopted*, 2023 WL 6388532 (N.D. Tex. Sept. 29, 2023) (citing *Jefferson v. La. State Supreme Ct.*, 46 F. App'x 732, at *1 (5th Cir. 2002) (per curiam) (holding that "[t]he Eleventh Amendment clearly bars … § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government."); *Bourgeois v. Parish of Jefferson*, 20 F.3d 465, *1 (5th Cir. 1994) (holding that civil district court is "agency of the state" entitled to Eleventh Amendment immunity)); *Munoz v. 193rd Jud. Dist. Ct.*, No. 3:11-CV-3249-P, 2012 WL 2399458, at *4 (N.D. Tex. May 21, 2021), *report & recommendation adopted*, 2012 WL 2402894 (N.D. Tex. June 24, 2012) (finding that district court is agency, arm, or instrumentality of State of Texas and entitled to immunity from suit in federal court).

Accordingly, because the Williamson County District Court—the only Defendant named by Parker in this matter—is an agency of the State of Texas, Parker's suit is barred by the Eleventh Amendment. *See* U.S. CONST. amend. XI; *Vickrey*, 2023 WL 6380846, at *1–2; *Munoz*, 2012 WL 2399458, at *4. Thus, Parker's Complaint is subject to dismissal for want of jurisdiction.

### B. *Heck v. Humphrey*

As discussed above, Parker contends he was wrongfully convicted and imprisoned in the Williamson County District Court. (ECF No. 1). In *Heck v. Humphrey*, the Supreme Court held that to recover for an alleged unconstitutional conviction or imprisonment, or other harm caused by unlawful action that would render a conviction or sentence invalid, a plaintiff pursuing a § 1983 action "must prove his conviction or sentence has been reversed on direct appeal, expunged by

4

executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994).

Parker has not alleged, must less proven, that his Williamson County conviction has been reversed, expunged, declared invalid, or otherwise called into question. (ECF No. 1); *see Heck*, 512 U.S. at 486–87. The Court cannot locate any appeals or state writs of habeas corpus overturning or invalidating his convictions. *See* [TAMES Search](#) (last visited Nov. 8, 2024). Accordingly, in this § 1983 suit, Parker cannot recover for an alleged unconstitutional conviction or imprisonment, or other harm caused by alleged unlawful actions by the Williamson County District Court that might render his convictions or sentences invalid. *See Heck*, 512 U.S. at 486–87. Parker has, therefore, failed to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

## No Right to Amend

Generally, a court must allow a *pro se* plaintiff an opportunity to further develop his allegations or remedy inadequacies in his complaint before dismissal. *See Neitzke*, 490 U.S. at 329; *Brewster v. Dretke*, 587 F.3d 764, 767–68 (5th Cir. 2009). However, the Fifth Circuit holds that allowing a *pro se* plaintiff to further develop his allegations is "unnecessary in cases where the … legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9, n.5 (5th Cir. 1994) (quoting *Neitzke*, 490 U.S. at 928). Here, the Court finds that affording Parker an opportunity to amend is unnecessary as the Williamson County District Court has immunity and any attempt to recover based on the alleged wrongful conviction or imprisonment is *Heck*–barred. *See, supra.*

**IT IS THEREFORE ORDERED** that Parker's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE FOR WANT OF JURISDICTION**. *See* U.S. CONST. amend. XI.

**IT IS FURTHER ORDERED** that Parker's 42 U.S.C. § 1983 Civil Rights Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1); *Heck v. Humphrey*, 512 U.S. 477 (1994).

It is so **ORDERED**.

**SIGNED** this 8th day of November, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE